UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-451-CVE |
| ) | |
| CRAIG MICHAEL RYAN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to dismiss or require pretrial election between multiplicitous counts (Dkt. # 14). Defendant argues that the indictment (Dkt. # 2) improperly charges him with the same offense in multiple counts, and he asks the Court to dismiss multiplicitous counts or require plaintiff to make a pretrial election as to which count it will pursue at trial. Dkt. # 14, at 7. Plaintiff responds that each charge in the indictment requires proof of a fact not required for any other charge, and the charges are not multiplicitous. Dkt. # 15, at 1. Even if the charges are multiplicitous, plaintiff argues that the Court could allow a post-trial election as to which charge defendant should be sentenced, and the Court could vacate one or more multiplicitous convictions before the sentencing hearing. Id. at 5.

On October 6, 2021, a grand jury returned an indictment charging defendant with assault with a dangerous weapon with intent to do bodily harm in Indian country (count one), assault resulting in serious bodily injury in Indian country (count two), assault resulting in substantial bodily injury to an intimate or dating partner in Indian country (count three), and assault of an intimate or dating partner by means of strangulation or attempted strangulation in Indian country (count four). The substantive criminal statute for each charge is a different subsection of 18 U.S.C. § 113. The

maximum sentence for counts one, two, and four is ten years, and the maximum sentence for count three is five years. Each of the charges alleged in the indictment occurred on or about July 22, 2021, but the indictment does not specify whether each charge concerns the same underlying act or separate assaults that occurred on the same day. Dkt. # 2.

Defendant argues that the indictment has charged multiple crimes arising out the same criminal act, and he asserts that plaintiff should be required to make a pretrial election as to which single charge it will attempt to prove at trial. Dkt. # 14. "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." United States v. Morehead, 959 F.2d 1489, 1505 (10th Cir. 1992) (quoting United States v. Dashney, 937 F.2d 532, 540 n.7 (10th Cir. 1991)). "While multiplicity is not fatal to an indictment, . . . it poses the threat of multiple sentences for the same offense and may improperly suggest to the jury that the defendant has committed more than one crime." Id. The Tenth Circuit has recognized that the same conduct can in some circumstances result in the prosecution for multiple crimes but, under the Blockburger test, each crime must require proof of a fact that the other does not. United States v. Yurek, 925 F.3d 423, 438 (10th Cir. 2019) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)). A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court. United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997). However, the focus of the Double Jeopardy analysis for multiplicitous charges is the risk of multiplicitous sentences, and the district court may allow all charges to proceed to trial and vacate one or more of the mulitiplicitous charges following the trial. United States v. Frierson, 698 F.3d 1267, 1269 (10th Cir. 2012).

Other federal district courts have been required to consider whether multiple charges under § 113 are multiplicitous and, if so, whether some of the multiplicitous charges should be dismissed

before trial. In United States v. Martin, 2020 WL 7029145 (E.D. Okla. Nov. 30, 2020), the defendant was charged with four separate charges under § 113, and the government conceded that all of these charges arose out of a single incident. Id. at *1. The district court found that the charges covered the same criminal behavior and were likely multiplicitous, but deferred a ruling on whether all of the charges would be submitted to the jury until it heard the evidence presented at trial. Id. at *2. The parties were advised the defendant would receive only one sentence for any multiplicitous counts, and the government would be permitted to make a post-trial election if the defendant was convicted of two or more multiplicitous counts. Id. The Fourth Circuit has found that multiple assault charges may not be included in the same indictment unless the government "demonstrates that 'the actions and intent of [the] defendant constitute distinct successive criminal episodes, rather than two phases of a single assault.'" United States v. Outlaw, 2012 WL388120 165, *167 (4th Cir. Feb. 8, 2012). Other courts have found that there is no problem with multiplicity when a defendant is charged with separate crimes under § 113, because each crime requires proof of fact which the other does not. Erickson v. United States, 2019 WL 3497299 (D.S.D. Aug. 1, 2019); United States v. Cottier, 2009 WL 909586 (D.S.D. Apr. 3, 2009).

Plaintiff states that this case arose out an incident that occurred on July 22, 2021 in which defendant assaulted C.W., and C.W. went to a hospital for treatment the next day. Dkt. # 15, at 1. Plaintiff states that C.W. was treated for a broken nose, bruising to her face, neck, breasts, and upper abdomen, and C.W.'s eyes were completely swollen shut. Id. at 1-2. C.W. reported that she sustained her injuries in an incident in which defendant strangled her and beat her using his hands, fists, and a wooden object. Id. at 2. Based on the indictment and plaintiff's description of the charges, it appears that all of the charges stem from the beating or series of assaults that occurred

on July 22, 2021. Plaintiff argues that each of the charges requires proof of an element that the other does not, even if all of the crimes are contained in § 113. Defendant cites <u>Johnson</u> and argues that the <u>Blockburger</u> test is generally not applicable to different crimes contained within a single statute. The Court finds that <u>Johnson</u> is distinguishable from this case. In <u>Johnson</u>, the defendant was convicted of two violations of 18 U.S.C. § 922(g) based on his status as a convicted felon and as an unlawful user of a controlled substance. <u>Johnson</u>, 130 F.3d at 1424. The Tenth Circuit concluded that multiple convictions for violation of § 922(g) were multiplicitous and one of the § 922(g) had to be vacated, but the district court did not abuse its discretion by allowing the government to proceed to trial on both charges. <u>Id.</u>

The Court agrees with the approach taken in <u>Martin</u> and finds that a final decision on the issue of mulitiplicity should be reserved until the Court has a better understanding of the facts giving rise to the multiple assault charges alleged in the indictment. Even if some of the charges have distinct elements, the law is clear that defendant cannot receive multiple sentences for a single criminal act, and it appears that there is a risk of multiple punishment for a single criminal act based on the indictment and plaintiff's description of the factual basis for the charges. However, defendant has not shown that plaintiff should be required to make a pretrial election as to which single charge it will attempt to prove at trial, and the Court will instruct the jury concerning the consideration of multiple charges as separate offenses. Defendant's motion (Dkt. # 14) for dismissal of charges or for pretrial election of a single charge is denied, but defendant has preserved a Double Jeopardy challenge to the indictment should it become apparent that he would be punished multiple times for a single assault.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss or require pretrial election between multiplicitous counts (Dkt. # 14) is **denied**.

**DATED** this 10th day of February, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE